Wilbert Clewis v. Safeco Ins. Co. of Am.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-190-CV

WILBERT CLEWIS APPELLANT

V.

SAFECO INSURANCE COMPANY OF AMERICA APPELLEE

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Wilbert Clewis attempts to appeal from a trial court judgment affirming a decision of the Texas Workers’ Compensation Commission Appeals Panel.  We will dismiss for lack of jurisdiction.

On June 3, 2005, this court informed appellant that it was concerned it may not have jurisdiction over this appeal because the notice of appeal was untimely filed and that the appeal would be dismissed for want of jurisdiction unless appellant or any party desiring to continue the appeal filed with the court a response showing a reasonable explanation for the late filing of the notice of appeal.  Clewis filed a response stating that his motion for new trial was heard and denied on December 10, 2004, but he filed several other motions for new trial, which the trial court did not set for hearing.  He argues that this court has jurisdiction because at the time that he filed his notice of appeal, his fifth motion for new trial was still pending. 

Here, the trial court's order was signed on October 11, 2004, and Clewis filed a motion for new trial on November 4, 2004.  Because a motion for new trial must be filed within thirty days after the trial court enters judgment, the only timely filed motion for new trial was the one that Clewis filed on November 4, 2004.  
See
 
Tex. R. Civ. P.
 329b(a).  Therefore, Clewis’s notice of appeal was due January 10, 2005, but was not filed until May 26, 2005.  
See
 
Tex. R. App. P. 
26.1(a)(1). 

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P. 
2, 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, party can no longer invoke appellate court's jurisdiction).  Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: July 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.